# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| LOS CUCOS MEXICAN CAFÉ, XXII, INC., *et al.*, | § § § § |
| Plaintiffs, | § § |
| VS. | § CIVIL ACTION NO. H-13-1314 |
| ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, *et al.*, | § § § § |
| Defendants. | § |

## MEMORANDUM AND ORDER

The defendants, Allied Property and Casualty Insurance Company and Steven Maxwell, removed this lawsuit from state to federal court. The plaintiffs, Los Cucos Mexican Café, XXII, Inc. and Cabrera Brothers I, LP, have moved to remand on two grounds: removal was 145 days after Allied was served and therefore untimely; and Steve Maxwell is nondiverse. Allied Insurance and Maxwell oppose on the basis that they removed when they received discovery responses showing that the amount in controversy exceeded $75,000, and the plaintiffs filed suit in state court three days after the limitations period applicable to Maxwell had expired.

Based on the motion, the record, and the applicable law, this court finds that the jurisdictional amount was sufficiently clear when the suit was filed in state court to make removal untimely. This court also finds that there is an insufficient basis to conclude that the plaintiffs have no reasonable basis to recover against Maxwell. Because removal was untimely and the elements of diversity jurisdiction are not met, the motion to remand is granted. This case is remanded to the 23rd Judicial District Court in Brazoria County, Texas.

The reasons are explained below.

## I. Background

This suit arises from insurance claims the plaintiffs made for fire damage to property they owned in Pearland, Texas. The claims were for structural, personal property, and business interruption damages. Allied Property had issued the commercial property insurance policy and assigned Maxwell to adjust the claim.

The plaintiffs sued in state court on November 21, 2012, alleging that Allied engaged in unfair settlement practices in violation of the Texas Insurance Code, including by failing to fully pay the claims without a reasonable investigation; violated the prompt pay provisions of the Texas Insurance Code; and breached the duty of good faith and fair dealing by denying or delaying payment when it knew or should have know that liability was reasonably clear. As to Maxwell, the plaintiffs alleged that he insufficiently investigated and undervalued the claim. As to both defendants, the plaintiffs alleged violations of the Texas Deceptive Trade Practices Act (DTPA) arising out of these alleged acts and omissions.

In the answer filed in state court, the defendants raised several affirmative defenses. These included the defense that limitations barred the claims against Maxwell under the Texas Insurance Code and DTPA. In this affirmative defense paragraph of the answer, the defendants asserted that the claims against Maxwell expired on November 18, 2012, but the plaintiffs did not file their original petition until November 21, 2012.

On May 6, 2013, Allied removed, alleging diversity jurisdiction. Allied argued that because it could not have known that the amount in controversy was more than $75,000 until it received the plaintiffs' disclosures on April 22, 2013, remand was timely. Allied also argued that Maxwell, the

nondiverse instate defendant, was improperly joined because limitations had run on the claims against him.

## II. Time to Remove; the Amount in Controversy

The plaintiffs argue that Allied's notice of removal was not timely filed under 28 U.S.C. § 1446(b). Section 1446(b)(1) states:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Allied's notice of removal was not filed within 30 days after it was served on December 4, 2012. Instead, Allied removed on May 6, 2013. Allied asserts that the case was not removable in December 2012 because the petition did not state the damages amount. Allied argues that it was not until the plaintiffs responded to disclosure requests on April 22, 2013 that it reasonably understood that the amount in controversy exceeded $75,000.

28 U.S.C. § 1446(b)(3) & (c)(1) state:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, [except that a] case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action . . . .

A complaint discloses that the amount in controversy is met "if 'it is facially apparent' from the plaintiffs' complaint that their 'claims are likely above [$75,000].'" *Garcia v. Koch Oil Co. of*

*Tex. Inc.*, 351 F.3d 636, 639 (5th Cir. 2003) (alteration in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). The Fifth Circuit has held that:

> [i]n removal practice, when a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. The district court must first examine the complaint to determine whether it is "facially apparent" that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy.

*St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253–54 (5th Cir. 1998) (internal citations omitted). If the value of the claims is not apparent from the face of the plaintiff's complaint, a defendant "'may support federal jurisdiction by setting forth the *facts*—[either] in the removal petition [or] by affidavit—that support a finding of the requisite amount.'" *Garcia*, 351 F.3d at 639 (alterations in original) (quoting *Allen*, 63 F.3d at 1335); *see also H & D Tire and Auto.-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 328 n.2 (5th Cir. 2000) ("When a case is removed and the complaint does not allege a specific amount of damages, the defendant must prove by a preponderance of the evidence that the amount in controversy requirement is met.") (citation omitted).

The record shows that although, consistent with Texas law, the plaintiffs' petition did not state a specific damages amount, the pleadings and related documents showed that the amount in controversy requirement was met. As the plaintiffs pointed out, when they filed this petition, they requested a case track that was limited to claims exceeding $50,000; they pleaded for multiple damages and attorneys' fees; and the actual damages they sought included fire damage to real and personal commercial property and loss of business income. The policy limits exceeded $1.6 million.

Allied's claims file included presuit estimates sent by the plaintiffs showing structural damage exceeding $500,000 and business-income losses exceeding $1.3 million. The insurance company paid approximately $1 million in November 2011, $800,000 less than the presuit estimates the plaintiffs provided. The claims file shows a specific reference to an unresolved issue of one and one-half months of business interruption damages; each month amounted to approximately $50,000. These amounts were repeated, not revealed, in information sent in February 2013 and in the disclosures sent in April 2013. Allied did not have to wait until the plaintiffs filed their April 2013 disclosures to reach a reasonable conclusion that the amount in controversy exceeded $75,000. Instead, the information necessary to reach that conclusion was available more than 30 days before the notice of remand was filed.

The notice of removal was untimely filed. In addition, because there is an insufficient basis to conclude that the claims against Maxwell are time-barred, federal subject-matter jurisdiction is lacking, requiring remand.

## III. Improper Joinder

A case may be removed to federal court when federal subject-matter jurisdiction exists and the removal procedure has been properly followed. The statute states:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). The removing party must show that federal jurisdiction exists. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Courts strictly construe

removal statutes in favor of remand and against removal. *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002).

Federal courts have original jurisdiction over any civil action "where the matter in controversy exceeds . . . $75,000 . . . and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Although there is complete diversity among the plaintiffs and Allied, there is not among the plaintiffs and Maxwell. Moreover, § 1441(b)(2) states that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Maxwell's presence in the suit as an in-state defendant precludes removal jurisdiction if he was properly joined.

To establish that a nondiverse defendant has been improperly joined to defeat diversity jurisdiction, the removing party must prove either that there has been actual fraud in the pleading of jurisdictional facts or that there is no reasonable possibility that the plaintiff could establish a cause of action against that party in state court. *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The second approach focuses on whether plaintiff has asserted a valid state-law cause of action against the nondiverse defendant. *Id*. The test is whether "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*. A court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id*. "[I]f the plaintiff can survive a Rule 12(b)(6) challenge, there [generally] is no improper joinder." *Id*. When determining whether a party has been improperly joined, all factual allegations must be evaluated "in the light most favorable to the plaintiff, resolving all

contested issues of substantive fact in favor of the plaintiff." *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

When the affirmative defense of limitations is timely asserted by the defendant against whom the statute has run and bars the nondiverse plaintiff's claims, federal removal jurisdiction may be proper. *See, e.g., Soin v. JPMorgan Chase*, 2012 WL 6018746, at *2 (S.D. Tex. Nov. 29, 2012). But the record in this case is insufficient to show that there is no reasonable basis to predict that the plaintiffs' claims against Maxwell survive. Allied's argument is that Maxwell's last action on the claim was November 18, 2010, which was three days plus two years before the plaintiffs filed suit. But as the plaintiffs point out, Allied's claim file shows that while Maxwell did meet with an adjuster on November 18, 2010, he also met with the claims manager on December 7, 2010, to work on reconciling payments for building and contents loss. (Docket Entry No. 8, Ex. C). The claims file precludes a finding that there is no reasonable basis for the plaintiffs to recover against Maxwell over the limitations defense.

## IV. Conclusion

Because removal was untimely, diversity of citizenship is incomplete, and one of the defendants is in-state, this court lacks removal jurisdiction. This case is remanded to the 23rd Judicial District Court of Brazoria County, Texas.

SIGNED on June 19, 2013, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge